UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ILYA FELIKSOVICH IOSILEVICH,

                Plaintiff,                    **MEMORANDUM AND ORDER**

                v.                                21-CV-466 (RPK) (LB)

NEW YORK CITY ADMINISTRATION FOR
CHILDREN'S SERVICES, MS. COLLAR, ACS
Caseworker, MS. ALTICE, Caseworker, NEW
YORK STATE OFFICE OF CHILDREN AND
FAMILY SERVICES,

                Defendants.
------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Ilya Feliksovich Iosilevich brings an action under 42 U.S.C. § 1983 against the New York City Administration for Children's Services ("ACS"), the New York State Office of Children and Family Services ("OCFS"), and two ACS caseworkers. He also challenges New York Social Services Law § 422 under the federal and New York State Constitutions. Plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's claims against the ACS and the OCFS are dismissed, as are his First Amendment claim against ACS caseworkers and his constitutional challenge to Section 422. Plaintiff's Fourth Amendment claims and corresponding claims under the New York State Constitution may proceed against ACS caseworkers, once they are identified.

## BACKGROUND

    The following facts are drawn from the complaint and assumed to be true for the purposes of this order.

1

Plaintiff lives with his wife and two children at a house in Brooklyn. Compl. (Dkt. #1) at 5.[*] Two ACS caseworkers visited plaintiff's house on January 22, 2021. *Ibid.* Plaintiff was not home. *Ibid.* Plaintiff's wife answered the door and then contacted plaintiff to let him know that ACS caseworkers had arrived. *Ibid.* Plaintiff instructed his wife not to let the caseworkers enter the house. *Ibid.* Plaintiff also told her that no one from his family should speak with ACS caseworkers without a lawyer present. *Id.* at 6-7.

When plaintiff returned home, ACS caseworkers were inside the house. *Id.* at 8. The caseworkers informed plaintiff that his wife had permitted them to enter and speak with her. *Ibid.* Plaintiff replied that he revoked any permission granted to the caseworkers to be in his home or to question his family. *Ibid.* Although ACS caseworkers told plaintiff that he could not film them, plaintiff videotaped the encounter on his iPhone. *Id.* at 8-9.

Plaintiff is now suing the defendants for violating his rights under the federal and New York State Constitutions. *Id.* at 4, 9-14. Plaintiff alleges that ACS caseworkers violated his rights under the Fourth, Fifth, and Fourteenth Amendments and his rights under article I of the New York State Constitution by searching his home without a warrant and by refusing to leave after he revoked his wife's consent to the caseworkers' entry. *Id.* at 4, 9-10. Plaintiff also alleges that the caseworkers "tried to violate" his First Amendment and state constitutional rights by telling him that he could not film the investigation. *Id.* at 4, 8. In addition, plaintiff appears to allege that ACS caseworkers violated the Fourth, Fifth, and Fourteenth Amendment rights and state constitutional rights of his wife and stepson by (1) conducting a warrantless search of the home without valid consent, *id.* at 4, 9-10; (2) failing to provide them with "mini-Miranda"

---

[*] Citations follow the pagination assigned by the Electronic Court Filing ("ECF") system rather than the documents' internal pagination.

warnings, *id.* at 4, 10-11; and (3) failing to provide them with counsel, *ibid.* Finally, plaintiff challenges the constitutionality of New York Social Services Law § 422(7), which authorizes OCFS Commissioner to withhold the identity of a person who reports child abuse. Compl. at 11-12. Plaintiff seeks damages, as well as injunctive and declaratory relief. *Id.* at 20-27.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted). When a complaint falls short, the plaintiff should be given an opportunity to amend the complaint if a "liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

**I.     Claims Asserted on Behalf of Plaintiff's Wife and Stepson**

Plaintiff's claims that state workers violated the rights of his wife or stepson must be dismissed. Plaintiff, who is not a licensed attorney, *see* Mot. for Leave to Proceed In Forma Pauperis (Dkt. #2) at 2, cannot act on behalf of his wife or stepson, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *see Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). And a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 86 (2d Cir. 2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 509 (1975)). To assert a third party's constitutional claims, a plaintiff must "demonstrate . . . a close relationship to the injured party and . . . a barrier to the injured party's ability to assert its own interests." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008). Plaintiff does not allege any obstacles that would keep his wife or stepson from bringing a separate action. Accordingly, plaintiffs' claims that officers violated the constitutional rights of his wife and stepson are dismissed for failure to state a claim upon which relief can be granted.

**II.    Claims Against OCFS and ACS**

Plaintiff's claims against the OCFS and the ACS are dismissed because those defendants are not proper parties to this lawsuit.

**A.     The OCFS**

The Eleventh Amendment bars plaintiff's claims against the OCFS because the OCFS is an arm of the State. State governments may not be sued in federal courts by private parties "unless they have waived their Eleventh Amendment immunity or unless Congress" has

abrogated it. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotations and citations omitted); *see Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011). Sovereign immunity extends to "state instrumentalities" like the OCSF "that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)); *see Hale v. Mann*, 219 F.3d 61, 73 (2d Cir. 2000); *Estate of M.D. v. New York*, 241 F. Supp. 3d 413, 421-22 (S.D.N.Y. 2017). And no waiver or abrogation of sovereign immunity has occurred here. *See Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017). Plaintiff's claims against the OCFS are therefore dismissed for failure to state a claim upon which relief can be granted.

B.     The ACS

Plaintiff's claims against the ACS are dismissed because the ACS is an agency of the City of New York. Claims against such agencies must generally "be brought in the name of the city of New York and not in that of any agency." *See* N.Y. City Charter Ch. 17 § 396. Because the ACS itself is not a suable entity, plaintiff's claims against the agency are dismissed for failure to state a claim upon which relief may be granted. *See Jenkins v. City of New York,* 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Graham v. City of New York*, 869 F. Supp. 2d 337, 348 (E.D.N.Y. 2012) ("[The] ACS is an agency of the City of New York and cannot be sued independently.").

III.   **Free Speech Claims Against ACS Caseworkers**

Plaintiff's free speech claims under the state and federal Constitutions also fall short.

Plaintiff's claim that ACS caseworkers attempted to violate his First Amendment rights is dismissed because plaintiff's allegations do not state a claim under Section 1983. "Section 1983 imposes liability only upon those who actually cause a deprivation of rights." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). Accordingly, courts have consistently rejected

claims for attempted constitutional violations under Section 1983. *See Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987) ("[T]he mere *attempt* to deprive a person of his First Amendment rights is not, under usual circumstances, actionable under [S]ection 1983."); *Dooley v. Reiss*, 736 F.2d 1392, 1394-95 (9th Cir. 1984); *Anderson v. Cameron*, No. 13-CV-578V(Sr), 2016 WL 11259015, at *4 (W.D.N.Y. Sept. 14, 2016) (collecting cases), *report and recommendation adopted by* No. 13-CV-578-MAT, 2017 WL 2240253 (W.D.N.Y. May 23, 2017); *Lyddy v. Bridgeport Bd. of Educ.*, No. 3:06CV1420(AHN), 2007 WL 2697452, at *5 (D. Conn. Sept. 11, 2007) (same); *see also Mozzochi v. Borden*, 959 F.2d 1174, 1180 (2d Cir. 1992) ("Several courts have held that the success of an attempt to deprive an individual of constitutional rights is critical to whether those rights have in fact been violated."). The reason is simple. "[C]laims brought pursuant to [Section] 1983 sound in tort," *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999), and unlike the doctrine of attempt in criminal law, "[t]here are no attempted torts," *United States v. Stefonek*, 179 F.3d 1030, 1036 (7th Cir. 1999) (internal quotation marks omitted); *see Heffernan v. City of Paterson*, 136 S. Ct. 1412, 1420 (2016) (Thomas, J., dissenting) ("Nothing in the text of [Section] 1983 provides a remedy against public officials who attempt but fail to violate someone's constitutional rights."). Here, plaintiff has alleged only an attempted violation of his First Amendment rights—not an actual violation. In particular, plaintiff alleges that ACS caseworkers "tried to violate [plaintiff's] First Amendment right[s]" when they told him "that it is 'against the law' to record them." Compl. at 8. But he admits that he was not prohibited from videotaping the encounter. *See id.* at 9. Accordingly, this claim is dismissed for failure to state a claim.

For the same reasons, plaintiff fails to state a claim under article I, section 8 of the New York State Constitution. That provision states that "[e]very citizen may freely speak, write, and

6

publish his or her sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press." N.Y. Const. art. I, § 8. New York has not enacted a statute that provides a cause of action for the deprivation of state constitutional rights. *See Hawthorne by Hawthorne v. Cnty. of Putnam*, 492 F. Supp. 3d 281, 304 (S.D.N.Y. 2020). The New York Court of Appeals has recognized implied causes of action for violations of the New York State Constitution's equal protection and search and seizure clauses, *see Brown v. New York*, 674 N.E.2d 1129, 1138-39 (N.Y. 1996), but has not addressed whether an implied cause of action exists for violations of article I, section 8. If such a cause of action does exist, it sounds in tort law. *Brown*, 674 N.E.2d at 1132-33. And a claim "in a constitutional tort action" rests on "the failure to fulfill a stated constitutional duty," *id.* at 1133, not an attempt to breach a duty. Even assuming that plaintiff can sue under article I, section 8, he does not allege that the caseworkers violated his state constitutional right to free speech. Thus, plaintiff's article I, section 8 claim is dismissed for failure to state a claim upon which relief may be granted.

IV.     **Challenge to New York Social Services Law § 422(7)**

Plaintiff challenges the constitutionality of New York Social Services Law § 422(7) under the New York and federal Constitutions. Section 422 specifies that reports to the Statewide Central Register ("SCR") "shall be confidential and shall only be made available to" enumerated entities, including the "person who is the subject of the report or other persons named in the report." N.Y. Soc. Serv. § 422(4)(A), § 422(4)(A)(d). The identity of the reporter shall not be disclosed to the subject of the report. *Id.* § 422(4)(A). And the Commissioner of the OCFS may also "prohibit the release of data that would identify the person who made the report . . . which he reasonably finds will be detrimental to the safety or interests of such person." *Id.* § 422(7). Construed liberally, the complaint alleges that these disclosure limits violate plaintiff's

7

rights under the Due Process Clauses of the Fifth Amendment and Fourteenth Amendments and of the New York State Constitution; the Equal Protection Clauses of the Fourteenth Amendment and of the New York State Constitution; and the Confrontation Clauses of the Sixth Amendment and the New York State Constitution.  Compl. at 11-12.  These challenges fail to state a claim upon which relief may be granted and are dismissed without prejudice.

### A.   Federal Due Process Rights

Construed liberally, the complaint contends that Section 422 deprives plaintiff of due process in violation of the Fifth and Fourteenth Amendments.  Plaintiff's claim under the Fifth Amendment is dismissed without prejudice because that amendment "only applies to actions taken by the [f]ederal [g]overnment," and plaintiff has not alleged any acts by federal actors. *Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 288 (E.D.N.Y. 2010).  The Fourteenth Amendment does provide due process protections against the State, but plaintiff's claim under that provision is dismissed because plaintiff fails to state a claim for deprivation of either procedural or substantive due process rights.

Plaintiff fails to state a procedural due process claim because he does not allege that the State deprived him of a cognizable life, liberty, or property interest.  "To formulate a claim under the Due Process Clause of the Fourteenth Amendment, a plaintiff must demonstrate that he . . . possesses a constitutionally protected interest in life, liberty, or property, and that state action has deprived him . . . of that interest."  *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994).  While plaintiff asserts that his "character will be 'defamed' if [he does] not know the name of [his] accuser," Compl. at 12, "loss of reputation" alone is not enough "to rise to the level of a protectible liberty interest," *Valmonte*, 18 F.3d at 999; *see Paul v. Davis*, 424 U.S. 693, 701 (1976) ("[R]eputation alone, apart from some more tangible interests such as employment, is [neither] 'liberty' [nor] 'property' by itself sufficient to invoke the procedural protection of the

Due Process Clause."). Instead, a plaintiff must allege "stigma plus" "some other tangible element," *Valmonte*, 18 F.3d at 99, by showing: "(1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights," *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (internal quotation marks omitted) (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)). For example, a plaintiff's inability "to get a job in the child-care field" because "all child care providers must consult [the SCR]" coupled with stigma qualifies as a protected interest. *Valmonte*, 18 F.3d at 1001. Here, plaintiff does not allege a loss of employment opportunities or any other "plus." Since plaintiff has not alleged the deprivation of a protected liberty or property interest, his procedural due process challenge is dismissed without prejudice.

Plaintiff has also failed to adequately plead that Section 422 violates his substantive due process rights. The Second Circuit has explained that to determine if "a government rule or regulation infringes a substantive due process right," a court must decide "whether the asserted right is fundamental," meaning "implicit in the concept of ordered liberty, or deeply rooted in this Nation's history and tradition." *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 217 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Leebaert v. Harrington*, 332 F.3d 134, 140 (2d Cir. 2003)). Laws that infringe fundament rights "must be narrowly tailored to serve a compelling government interest." *Ibid*. But laws that infringe non-fundamental rights "need only be reasonably related to a legitimate state objective." *Ibid*. (quoting *Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454, 461 (2d Cir. 1996)).

Plaintiff has failed to adequately plead a claim under these principles. Plaintiff has not alleged the Section 422 interferes with a fundamental right, because he has alleged, at most,

9

reputational harm. "[T]here is no fundamental right to one's own reputation." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010); *see Avila v. Pappas*, 591 F.3d 552, 554 (7th Cir. 2010); *Lambert v. Hartman*, 517 F.3d 433, 444 (6th Cir. 2008). And plaintiff has not plausibly alleged that Section 422 is not "reasonably related to a legitimate state objective." *Bryant*, 692 F.3d at 217 (quoting *Immediato*, 73 F.3d at 461). Confidentiality safeguards like those in Section 422 serve the State's "compelling interest in protecting its child-abuse information" by encouraging witnesses to come forward "without fear of general disclosure." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60-61 (1987); *see Selapack v. Iroquois Cent. Sch. Dist.*, 17 A.D.3d 1169, 1171 (N.Y. App. Div. 2005). Plaintiff's allegations that the vast majority "of suspects of investigations are not some violent people who will confront their accuser with a baseball bat," Compl. at 12, and that he himself does not "[pose] a danger to [his] accuser," *id.* at 11—even if true—would not counter the principle that laws protecting the identity of child-abuse reporters serve compelling interests because witnesses to child abuse are deterred from making reports by the risk of losing their anonymity. *See Ritchie*, 480 U.S. at 60-61. Plaintiff's argument that "the right of an accused should outweigh the State's interest to protect a possibility of safety risk of the reporter," Compl. at 11, fails to plead a substantive due process violation because so long as no fundamental right is at stake, courts analyzing substantive due process rights consider only whether a challenged provision is "reasonably related to a legitimate state objective." *Bryant*, 692 F.3d at 217. Since plaintiff has not made the requisite allegations for a substantive due process attack on Section 422, his challenge fails to state a claim and is dismissed without prejudice.

        B.    **State Due Process Rights**

Plaintiff's challenge under the due process clause of the New York State Constitution fails for the same basic reasons as his federal due process claim. "With some exceptions, New

York courts have interpreted the due-process guarantees of the New York Constitution and the United States Constitution to be coextensive—or assumed that they are." *Oneida Indian Nation v. Madison Cnty.*, 665 F.3d 408, 427 n.13 (2d Cir. 2011). Plaintiff makes a similar assumption, alleging that Section 422 violates the New York State due process clause for the same reasons that the statute violates the federal Due Process Clause. Compl. at 12. Accordingly, the shortcomings in plaintiff's federal due process claim also doom his state due process argument. In any event, plaintiff's state due process claim would fail because it is conclusory. His "[t]hreadbare recital" that Section 422 violates state due process protections is a "legal conclusion couched as a factual allegation" and "[does] not suffice" to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The state due process challenge is therefore dismissed without prejudice.

      C.      **Equal Protection Clauses**

Plaintiff does not plead sufficient factual support to sustain his federal or state equal protection challenges. Federal equal protection claims generally require "adverse treatment . . . compared with other similarly situated individuals" that is "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Miner v. Clinton Cnty.*, 541 F.3d 464, 474 (2d Cir. 2008) (quoting *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005)). Plaintiff has not made factual allegations that would support an equal protection claim. He simply cites a case for the principle that discriminatory enforcement can violate the Equal Protection Clause and conclusorily asserts that New York State Social Services Law § 422(7) "is arbitrarily applied against me and other members of similarly situated class members." Compl. at 14. But to state a claim upon which relief may be granted, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*,

550 U.S. at 555. Because plaintiff's allegations are conclusory, his allegations under the federal Equal Protection Clause fail to state a claim upon which relief can be granted.

Plaintiff's state equal protection claim fails for the same reason. Plaintiff asserts only that the New York State Constitution contains an equal protection clause and that Section 422 violates it "[f]or reasons stated above." Compl. at 12. Plaintiff's mere assertion that the State applies Section 422 arbitrarily is a legal conclusion that does not state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678. Plaintiff's federal and state equal protection challenges are thus dismissed without prejudice.

### D.     Confrontation Clauses

Plaintiff's confrontation clause claims are meritless. The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. New York's Constitution contains a broader guarantee, granting the "party accused" the right to "be confronted with the witnesses against him or her" "[i]n any trial in any court," N.Y. Const. art I, § 6—not simply in a criminal trial. *See In re Sawyer*, 823 N.Y.S.2d 641, 643 (N.Y. Sup. Ct. 2006). Plaintiff has failed to state a claim under either of these provisions. He alleges only that he faces an ACS investigation—not a trial of any kind. Because plaintiff has not alleged that he was denied the right to confront witnesses in in a "criminal prosecution[]," U.S. Const. art. VI, or a "trial in any court," N.Y. Const. art I, § 6, petitioner has not alleged a violation of the federal or state confrontation clauses.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's claims against the ACS and the OCFS, his First Amendment claim against ACS caseworkers under Section 1983, and his challenges to Section 422 are dismissed without prejudice pursuant to 28 U.S.C. §

12

1915(e)(2)(B).  No summons shall issue as to the ACS and the OCFS, and the Clerk of the Court is respectfully directed to correct the caption to reflect their dismissal.

For now, plaintiff's federal Fourth Amendment claims and the corresponding claims under article I, section 12 of the New York State Constitution may proceed.  Plaintiff may file an amended complaint to correct the deficiencies described above within 30 days.  The complaint must be captioned "Amended Complaint" and shall bear the same docket number as this order.  All further proceedings are stayed for 30 days.  If plaintiff does not file an amended complaint within 30 days, only plaintiff's federal Fourth Amendment claims and the corresponding claims under article I, section 12 of the New York State Constitution will proceed.  The United States Marshals Service will not be able to serve defendants without further identifying information.  Accordingly, the Court requests that Corporation Counsel for the City of New York ascertain the full names of ACS caseworkers involved in the alleged incident.  *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam); *Mortimer v. City of New York*, No. 15 Civ. 7186 (KPF), 2018 WL 1605982, at *4 n.6 (S.D.N.Y. Mar. 29, 2018) (noting *Valentin* order that had issued to identify ACS caseworkers).  The Court also requests that Corporation Counsel provide the addresses where ACS caseworker defendants can currently be served.  This information should be provided to the Court within 45 days from the date of this Order.  After Corporation Counsel submits that information, the United States Marshals Service shall serve the defendants without prepayment of fees.  Once the defendants have been identified, plaintiff's complaint shall be deemed amended to reflect their full names.

13

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: August 6, 2021
      Brooklyn, New York